[Cite as *State v. Tribble*, 2012-Ohio-4983.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                           :
                                        :        Appellate Case No. 24282
    Plaintiff-Appellee              :
                                        :        Trial Court Case No. 09-CR-2393
v.                                      :
                                        :
EDDIE TRIBBLE                           :        (Criminal Appeal from
                                        :         Common Pleas Court)
    Defendant-Appellant             :
                                        :
. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. #0066964, Kollin & Wilkins, PLL, 2661 Commons
Boulevard, Suite 214, Beavercreek, Ohio 45431
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Eddie Tribble appeals from his convictions for

Aggravated Robbery, Possession of Heroin, and Trafficking in Heroin and the imposition of a

five-year sentence, along with post-release control. Tribble contends that the trial court committed plain error and abused its discretion when it failed to remove a juror for cause and that his trial counsel provided ineffective assistance by failing to either engage in further questioning of the juror or exercise a peremptory challenge to remove the juror.

{¶ 2}　We conclude that the trial court did not commit plain error or abuse its discretion when it did not remove the juror during voir dire. Furthermore, we conclude that Tribble has failed to demonstrate ineffective assistance of counsel. Accordingly, the judgment of conviction and sentence is Affirmed.

## I. Course of the Proceedings

{¶ 3}　In August 2009, Tribble was indicted for Aggravated Robbery, a felony of the first degree, in violation of R.C. 2911.01(B); Possession of Heroin, a felony of the fifth degree, in violation of R.C. 2925.11(A); and Trafficking in Heroin, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1). Following a jury trial, Tribble was convicted on all three counts as charged in the indictment. Tribble was sentenced to a total of five years incarceration. From his conviction and sentence, Tribble appeals.

{¶ 4}　Tribble's assigned appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the applicable law, he found no potentially meritorious issues for appeal. Counsel set forth four potential assignments of error. By entry, we informed Tribble that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date in order to file a pro se brief. Tribble filed a pro se brief proposing two assignments of

error, and the State responded.

{¶ 5}     After conducting an independent review of the record, we found a potentially meritorious assignment of error regarding a potential challenge for cause to Juror 9.   On November 8, 2011, we found that "the issues of whether the trial court committed plain error by failing to remove Juror 9 and whether trial counsel was ineffective for having failed to seek the removal of Juror 9 for cause, are not wholly frivolous."   New appellate counsel was appointed for Tribble.

{¶ 6}     After Tribble's new appellate counsel filed an appellate brief, the State moved to stay the briefing schedule and remand the case to the trial court to correct the record. According to the State: "[p]ursuant to App.R. 9(E), the trial court needs to review the voir dire of juror number 9 and settle any difference it discerns between the written record and what actually occurred in the trial court and issue a written decision."   We granted the State's motion.

{¶ 7}     In its entry correcting the record, the trial court states, in part:

The State submits that the original written transcript ("the Original Transcript") previously prepared with respect to juror number 9 does not accurately reflect what she[] stated in court.   Specifically, page 61, line 22 of the Original Transcript, indicates that juror number 9 stated "No" in response to whether she could be fair were she seated as a juror for trial of the case. That response, as originally transcribed, would be inconsistent with juror 9's responses to Judge Wagner's questions at sidebar and, of course, wholly inconsistent with her continued presence on the jury.

The Court personally reviewed the video record but was unable to discern clearly what juror 9 stated in response to Mr. Rion's[] preceding question. As such, the Court was prepared, pursuant to App. R. 9(E), to order the transcript amended to reflect at page 61, line 22, that juror 9's response was "indiscernible."

Importantly, however, and owing to its academic curiosity, the Court discovered that AVTranz utilizes equipment that permits it to enhance the sound and quality of recorded testimony. And upon the Court's request that it employ its enhancement technology, AVTranz reviewed the portion of the record in question and determined that juror 9's response to Mr. Rion's question at page 61, line 22 was, in fact, "Yeah."[]

Therefore, pursuant to this Court's power and obligation as set forth clearly in App.R. 9(E) to ensure that the "**record be made to conform to the truth**",[] this Court orders that the written transcript of the trial be corrected to reflect that at page 61, line 22, juror 9's response to Mr. Rion's question was "Yeah". (Emphasis sic.)

## II. The Trial Court Did Not Abuse its Discretion or
## Commit Plain Error by Not Removing Juror 9

{¶ 8}    Tribble's First Assignment of Error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT FAILED TO DISMISS A JUROR AFTER THE JUROR REVEALED THAT SHE COULD NOT BE FAIR AND

IMPARTIAL WHEN SUCH ABUSE RESULTED IN A VIOLATION OF THE APPELLANT'S RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION

{¶ 9} The Sixth Amendment to the United States Constitution guarantees a defendant the right to a trial by fair and impartial jurors. *Irvin v. Dowd*, 366 U.S. 717, 721-722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). In order to protect this right, the trial court conducts voir dire with the purpose to empanel a fair and impartial jury. *State v. Twyford*, 94 Ohio St.3d 340, 346, 763 N.E.2d 122 (2002). Whether to disqualify a juror for cause is a discretionary function of the trial court and is not reversible on appeal absent an abuse of discretion. *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301 (1990), syllabus. The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 10} Tribble contends that Juror 9 should have been removed by the trial court because "[a]lthough the record is indiscernible at parts which has caused some confusion surrounding the dialogue at a sidebar, Juror #9 unequivocally stated that she could not be fair and impartial. (Transcript 61, line 22)." Brief, p. 4.

{¶ 11} The statement by Juror 9 on which Tribble bases this assignment of error occurred during the following voir dire and sidebar:

MR. RION: Okay. Well, [JUROR 9], do you think that you can give Mr. Tribble a fair trial?

[JUROR 9]: I can.

MR. RION: Okay. And would all of you be comfortable sitting in the jury box if you or someone like you was in the jury box, if you were on trial?

[JUROR 9]: (Indiscernible) so sure because of acquaintances, past experiences and the things I knew. And like, I'm fair and I'm willing to hear everything, but I have some preconceived notions about things.

* * *

THE COURT: You can come up to sidebar, if you wish. Thank you, [JUROR 9].

(At sidebar)

[JUROR 9]: (Indiscernible) I know some people personally who (indiscernible). And (indiscernible). I can't just (indiscernible).

THE COURT: Okay. The bottom line here (indiscernible) is you can be fair and impartial when you make your decision?

[JUROR 9]: Yeah, I can (indiscernible). I can be fair (indiscernible).

THE COURT: Okay.

[JUROR 9]: I haven't heard (indiscernible).

THE COURT: (Indiscernible) for a sidebar. Listen to the elements and make your decision based on solely the evidence that is here. (Indiscernible). Just think of it (indiscernible). But you're willing to be fair and impartial?

[JUROR 9]: Yeah.

* * *

(End sidebar)

MR. RION: Thank you for sharing it at sidebar. I'll just ask you again because I'm not sure how much the record picked up. Do you think that you can be fair and impartial in this case?

[JUROR 9]: **No.** Transcript, pp. 59-61 (Emphasis added.)

**{¶ 12}** As noted above, the original transcript had "No" as the answer to Mr. Rion's question: "Do you think that you can be fair and impartial in this case?" However, on July 3, 2012, the trial court corrected the record to reflect that Juror 9 actually answered "Yeah" to defense counsel's question. The trial court's decision to correct the record noted that an amended page 61 of the Transcript had been prepared and filed. The "Certificate" page of the amended transcript stated, in part:

I, FRANKIE POWERS, Transcriptionist, cannot certify that the witness responded "No" as indicated on Page 61 of Volume I (Voir Dire Examination, Monday, August 16, 2010) in the original transcript. I can now certify that [Juror 9]'s response was "Yeah", from the electronic recording of the proceedings had in the foregoing matter * * * .

**{¶ 13}** A positive response by Juror 9 on page 61 of the transcript is consistent with the actions of the participants in the sidebar as they all acted as if Juror 9 had responded affirmatively to the question. An affirmative response is also consistent with Juror 9's prior responses during voir dire and the sidebar when she stated three different times that she could be fair. Furthermore, an affirmative response by Juror 9 is consistent with a subsequent meeting in chambers during which the following dialogue took place:

MR. RION: And may I just simply repeat to Eddie what was said at sidebar?

THE COURT: Sure. Go ahead.

MR. RION: [Juror 9], when we went to sidebar, said she's known people that has been charged with drug offenses, and I think she was also of the belief that certain people, witnesses in cases, were either killed or seriously injured by people on trial for drug offenses, and felt that if the trial, if it got this far with you, that you must be someone that the police are looking for, and you must be a bad drug dealer, because she was under the impression the cops don't really mess with people first or second time around. To get to this level, you'd have to be somebody they's been watching for a while, and she thought your first two or three times, not yours, but persons, that they get a pass for, pretty much, by the police.

And so, she was concerned that she'd give a fair trial, because she at least had an impression that you must be somebody, to be in this situation. But then, she told the Judge that she could be fair and impartial and she'd try to put it aside and see where we are.

MS. PARSON: Judge, are we on the record?

THE COURT: We are. We are.

MS. PARSON: All right.

MR RION: Just so you know, I don't think there's enough for cause, but when we get to excluding people, that's – I want you to have that information as well.

THE DEFENDANT: Okay.   Transcript, pp. 67-68.

{¶ 14}   Tribble's assignment of error is based solely on a negative response by Juror 9 to defense counsel's question "Do you think that you can be fair and impartial in this case?" That negative response was corrected to a positive response by the court reporter after reviewing the audiovisual recording of the proceedings.   The trial court then corrected the record accordingly.   The correction by the trial court is consistent with the actions of the parties during the proceedings and the other responses by Juror 9 during voir dire and the sidebar.   Based on our review of the record, we conclude that the trial court did not abuse its discretion or commit plain error when it allowed Juror 9 to remain in the jury pool.

{¶ 15}   Tribble's First Assignment of Error is overruled.

### III. Tribble Has Not Demonstrated Ineffective Assistance Of Counsel

{¶ 16}   Tribble's Second Assignment of Error states:

THE APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN TRIAL COUNSEL'S PERFORMANCE WAS INEFFECTIVE AND DEFICIENT TO THE APPELLANT'S PREJUDICE AS GUARANTEED BY FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.

{¶ 17}   To establish ineffective assistance of counsel, a defendant must show:   (1) deficient performance by counsel, namely, performance falling below an objective standard of reasonable representation; and (2) prejudice – a reasonable probability that but for counsel's

errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that strategy and tactical decisions exercised by defense counsel are well within the range of professionally reasonable judgment and need not be analyzed by a reviewing court. *State v. Dillard*, 173 Ohio App.3d 373, 2007- Ohio-5651, 878 N.E.2d 694, ¶ 73 (2d Dist.).

**{¶ 18}** In *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, 873 N.E.2d 828, the Supreme Court of Ohio addressed claims of ineffective assistance of counsel during voir dire. The Court stated that "trial counsel is entitled to exercise broad discretion in formulating voir dire questions." *Id.* at ¶ 84. Furthermore, the Supreme Court wrote, at ¶ 63-64:

We have consistently declined to "second-guess trial strategy decisions" or impose "hindsight views about how current counsel might have voir dired the jury differently."

"Few decisions at trial are as subjective or prone to individual attorney strategy as juror *voir dire*, where decisions are often made on the basis of intangible factors." "The selection of a jury is inevitably a call upon experience and intuition. The trial lawyer must draw upon his own insights and empathetic abilities. Written records give us only shadows for measuring the quality of such efforts. * * * [T]he selection process is more an art than a science, and more about people than about rules." For these reasons, we have

recognized that "counsel is in the best position to determine whether any potential juror should be questioned and to what extent." (Citations omitted.)

**{¶ 19}** In *Mundt*, the Supreme Court also noted that " ' "[b]ecause the use of peremptory challenges is inherently subjective and intuitive, an appellate record will rarely disclose reversible incompetence in this process." ' " *Id.* at ¶ 83. (Citation omitted.)

**{¶ 20}** Tribble contends that his "[t]rial counsel was ineffective and his performance was deficient by not conducting further questioning on a potentially biased juror." Brief, p. 6. Tribble's contention hinges upon the negative response Juror 9 made to defense counsel's question "Do you think that you can be fair and impartial in this case?" As explained in our resolution of Tribble's First Assignment of Error, the transcript was amended to reflect a positive response by Juror 9 to defense counsel's question. Given the amended transcript, along with Juror 9's prior assertions to the trial court that she could be fair and impartial, there was no need for further questioning by defense counsel. Therefore, we cannot find that trial counsel fell below an objective standard of reasonable representation by failing to conduct further questioning of Juror 9.

**{¶ 21}** Tribble also contends that trial counsel was ineffective by failing to challenge Juror 9 for cause and by failing to use a peremptory challenge on Juror 9. Once again, Tribble's contentions are based on a negative response to defense counsel's question "Do you think that you can be fair and impartial in this case?" Once this negative response was corrected to a positive response, there is no basis on which to find that trial counsel's representation fell below an objective standard of reasonableness.

**{¶ 22}** Tribble's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 23}   Both of Tribble's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and HENDON, JJ., concur.


(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).



Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Hon. Steven K. Dankof